UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| POLEVIA VALOAGA,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>JEFFREY MENDOZA et al.,<br><br>　　　　　　　Defendant. | CASE NO. 2:25-cv-00480-DGE-BAT<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I　　INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Magistrate Judge Brian A. Tsuchida (Dkt. No. 10), and Plaintiff Polevia Valoaga's objections to the R&R (Dkt. No. 11).

## II　　BACKGROUND

Plaintiff filed a pro se prisoner civil rights action under 42 U.S.C. § 1983 against Defendant Jeffrey Mendoza, who is a King County Jail officer. (Dkt. No. 9.) Plaintiff alleges that while he was detained in King County Jail, the jail had strict policies in place to keep

ORDER ADOPTING REPORT AND - 1

1  COVID-19 from spreading.  (Dkt. No. 9 at 10.)  Under the COVID-19 policy, certain cell blocks

2  (blocks 1-5 and 6-10) were not permitted to "be out with one another."  (*Id*.)  Plaintiff alleges

3  that Defendant violated this policy by opening cells 1-10 at once on April 27, 2022.  (*Id*. at 11.)

4  Four of the inmates who were allowed out proceeded to "viciously attack" Plaintiff.  (*Id*.)

5  Plaintiff states that they were only able to attack Plaintiff because Defendant "knowingly and

6  wantonly" violated the COVID-19 policy to keep inmates separate.  (*Id*. at 12.)  Plaintiff

7  "suffered life altering injuries" from the attack, he states; he was taken to the emergency room

8  "where he had to undergo major surgery."  (*Id*.)

9        The Court must screen complaints filed by detainees under 28 U.S.C. § 1915A(a) and

10  should "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious,

11  or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a

12  defendant who is immune from such relief." § 1915A(b); accord § 1915(e)(2).  Judge Tsuchida

13  screened the complaint and issued the instant R&R, concluding "[e]ven viewing the amended

14  complaint in the light most favorable to Plaintiff, the Court finds it fails to state a claim upon

15  which relief may be granted."  (Dkt. No. 10 at 3.)  Judge Tsuchida therefore recommended that

16  the Court dismiss the complaint with prejudice.  (*Id*. at 4.)

17                  **III    DISCUSSION**

18      **A. Standard of Review**

19        The Court must determine de novo any part of the magistrate judge's disposition that has

20  been properly objected to.  The Court may accept, reject, or modify the recommended

21  disposition; receive further evidence; or return the matter to the magistrate judge with

22  instructions.  Fed. R. Civ. P. 72(b)(3).

23      **B. Analysis**

24

Screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Thus, to avoid dismissal, Plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The complaint's factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint should be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates." *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015). A prison officer violates this duty when: 1) the prison officer's act or omission caused a substantial risk of serious harm; and 2) the officer is subjectively aware of that risk and acts with deliberate indifference to the inmate's health or safety. (*Id.*) Judge Tsuchida concluded that the facts alleged, when viewed objectively, do not indicate the Defendant acted with deliberate indifference, as the complaint does not suggest Defendant was aware that the inmates would assault Plaintiff when he opened the doors. Instead, the complaint states that opening the doors was a violation of the COVID-19 policy. (Dkt. No. 10 at 3.)

Plaintiff objects that Defendant should have known that "by opening cell doors 5-10 which were not allowed out with cells 1-5 would in fact raise the potential of violence occurring

RECOMMENDATION - 3

simply due to the fact the more people being crowded together would raise the potential for violence between inmates." (Dkt. No. 11 at 2.) Even taking this as true, Plaintiff fails to put forth any facts indicating Defendant knew that the inmates might try to violently target plaintiff for attack or that Defendant possessed knowledge that Plaintiff was particularly vulnerable to attack. *C.f. Cortez,* 776 F.3d at 1048–1052 (officer knew that failing to place full restraints on the three inmates violated prison policy, "knew about the hostility between the [three] inmates" beforehand, and was aware "of dangers specific to" the plaintiff due to his perceived status "as a protective custody inmate," because "it was common knowledge among prison guards that such inmates are targeted for attack by other prisoners"); *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062 (9th Cir. 2013) (failure to protect claim arose after prison officials chose to remove all of the floor officers for more than three hours, which enabled an inmate with documented mental health issues to attempt to commit suicide); *Farmer v. Brennan*, 511 U.S. 825 (1994) (officers knew that the penitentiary had a violent environment and a history of inmate assaults and that petitioner would be particularly vulnerable to sexual attack). Accordingly, the Court agrees with Judge Tsuchida's conclusion: Plaintiff has failed to state a claim.

## IV    CONCLUSION

Having reviewed the Report and Recommendation, all objections or responses, and the remaining record *de novo*, the Court finds and ORDERS:

(1) The Court ADOPTS the Report and Recommendation (Dkt. No. 10).

(2) The case is dismissed with prejudice.

(3) The Clerk shall provide Plaintiff a copy of this Order.

Dated this 30th day of June, 2025.

RECOMMENDATION - 4

David G. Estudillo
United States District Judge

RECOMMENDATION - 5